UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 1-15-MJ-70245-NJV |
| Plaintiff, | ) ) | DETENTION ORDER |
| v. | ) ) | |
| KEITH MONROE WALLACE, | ) ) | |
| Defendant. | ) ) | |

On February 27, 2015, Defendant Keith Monroe Wallace was charged in a criminal complaint with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Because the offense with which the Defendant is charged is a felony that involves a minor victim, the government was entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E) so that the Court could determine whether any condition or combination of conditions would reasonable assure the appearance of the Defendant as required and the safety of any other person and the community.

This matter came before the Court on March 3, 2015, for a detention hearing. The Defendant was present and represented by attorney David Crane. Assistant United States Attorney Claudia Quiroz appeared for the Government.

U.S. Pretrial Services submitted a report that recommended release on bond with certain release conditions. The Government moved for detention, and the Defendant opposed. The parties submitted proffers, arguments, and defense counsel submitted witness testimony regarding detention at the hearing.

The Court has reviewed the Pretrial Services report, the Complaint, the Affidavit in connection

with this matter, the Defendant's email correspondence with another individual, and listened to the witnesses presented by defense counsel. Upon consideration of the facts, proffers, arguments, and witness testimony presented, as well as affidavits and emails submitted to the Court, and for the reasons stated on the record, the Court makes the following findings: (1) the Defendant does not present a risk of flight and the government has not shown by a preponderance of the evidence that no condition or combination of conditions would ensure the Defendant's presence as required; and (2) by clear and convincing evidence, no condition or combination of conditions can reasonably assure the safety of other persons and the community. Accordingly, the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Wallace.

Unlike the generic or common types of child pornography cases before the Court where bond conditions have been set, this particular Defendant has additional issues that give this Court grave concern. First, up until the date of his arrest, the Defendant was a senior probation officer within the Humboldt County Juvenile Probation Office and, as such, had extensive contact with minors. In addition, it is the Court's understanding (based on unverified reports) that the Defendant requested sexually explicit photographs from inmates under the custody and control of the Humboldt County Juvenile Probation Department. Second, there are minor children in the Defendant's home. The emails written by the Defendant and discussed during the detention hearing are more than just simple "fantasy," which is how defense counsel wishes the Court to characterize them. In those emails, there were specific discussions regarding the use of alcohol to entice minors, the use of scary movies, and the touching of minors, specifically under the dinner table and in the vehicle. This places this particular case and the issue of detention outside of the realm of the normal or average child pornography case.

In taking everything into consideration, the Court does find that in this case—although there is a higher burden—the government has shown by clear and convincing evidence that at this juncture no

DETENTION ORDER
Case No. 1-15-MJ-70245-NJV

condition or combination of conditions can ensure the safety of the community. In making this determination, the Court has looked at and considered the factors set forth in 18 U.S.C § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the Defendant; (3) the history and characteristics of the Defendant (including the Defendant's physical and mental condition, family ties, employment, life and residence in the community, community ties, past conduct and criminal record, history of drug or alcohol abuse, record of appearance at Court proceedings, and whether the Defendant was on conditional release of any sort at the time of the alleged offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

In addition, this Court understands and has also taken into consideration the recommendation of the Pretrial Services Office, which recommended that the Defendant be released on bond. This Court in good conscience cannot agree to abide by that recommendation in this particular case, however.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.  Defendant Wallace is remanded to the custody of the United States Marshals Service and is ordered to appear forthwith before Magistrate Judge Maria-Elena James for appointment of counsel and setting of preliminary hearing or arraignment on indictment.

2.  Defendant Wallace be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.  Defendant Wallace be afforded reasonable opportunity for private consultation with counsel; and

///
///
///
///
///

DETENTION ORDER
Case No. 1-15-MJ-70245-NJV

1      4.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: 3/5/15

HON. NANDOR VADAS
United States Magistrate Judge

DETENTION ORDER
Case No. 1-15-MJ-70245-NJV